(Reap. Dec. 9593)

BARTH & DREYFUSS ET AL. *v.* UNITED STATES

Entry No. DE 3622, etc.

(Decided February 11, 1960)

*Stein & Shostak* for the plaintiffs.

*George Cochran Doub,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation of submission reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the above entitled appeals for reappraisement, which are also set out in Schedule A, attached hereto and made a part hereof, that at the time of exportation of the instant merchandise to the United States, the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced and entered value of 75¢ per dozen pieces C&F Los Angeles, which includes non-dutiable ocean freight charges as invoiced; and that there was no higher foreign value for such or similar merchandise at the time of exportation.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value therefor is the invoiced and entered value of 75 cents per dozen pieces, cost and freight Los Angeles, which includes nondutiable ocean freight charges, as invoiced.

Judgment will be rendered accordingly.